Paul C. Galm, OSB #002600
Galm Law
50 SW Pine Street, Suite 403
Portland, OR 97204
paul@paulgalmlaw.com
Phone: 503-641-6000
Fax: 971-999-1645
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| L. T., a minor proceeding under a pseudonym through her *Guardian ad* Litem JEREMIAH ROSS, and V. B., a minor proceeding under a pseudonym through her *Guardian ad* Litem JESSIE MARIE BLACKMON,<br><br>Plaintiffs,<br><br>v.<br><br>GRANTS PASS SCHOOL DISTRICT 7, an Oregon Public School District, authorized and charted by the laws of the State of Oregon; GRANTS PASS SCHOOL DISTRICT 7 BOARD, an Oregon corporate body authorized and chartered by the laws of the State of Oregon; TIM SWEENEY, individually and in his official capacity as Superintendent of Grants Pass School District 7; and NEVIN VAN MANEN, individually, and in his official capacity as Principal of Highland Elementary School,<br><br>Defendants. | Case No. 1:26-cv-2383<br><br>COMPLAINT<br><br>Civil Rights Violations of the 14th Amendment - 42 U.S.C. § 1983; Title IX Violations - 20 U.S.C. § 1681; Negligence; Sexual Battery of a Child - *Respondeat Superior*<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW Plaintiffs, L. T. and V. B., minors, by and through their respective Guardians *ad Litem*, Jeremiah Ross and Jessie Marie Blackmon and their attorney, hereby alleging as follows based on information and belief:

**JURISDICTION AND VENUE**

1.

Jurisdiction lies under 28 U.S.C. §1331 inasmuch as this complaint presents a federal question.

2.

Jurisdiction over the state claims arises under 28 U.S.C. §1367(a).

3.

Venue in the Federal District Court of Oregon, Medford Division, is appropriate pursuant to 28 U.S.C. § 1391 because the occurrences complained of took place in Josephine County, Oregon.

**PARTIES**

4.

Plaintiff L. T. is a minor female born June 18th, 2015. At all times material herein, L. T. was a minor resident of Josephine County, Oregon, and a public school student enrolled at and attending Highland Elementary School, in Grants Pass, Oregon.

5.

Plaintiff V. B. is a minor female born July 16th, 2015. At all times material herein, V. B. was a minor resident of Josephine County, Oregon, and a public school student enrolled at and attending Highland Elementary School, in Grants Pass, Oregon.

///

///

6.

Plaintiffs are proceeding under a pseudonym because they are victims of childhood sexual abuse and publicity of their true identity will cause further unwarranted trauma. Plaintiffs' identity is known to the Defendants.

7.

At all times material herein, Highland Elementary School (hereinafter, the "School") was a public elementary school (grades K-5) located in Grants Pass, Oregon. At all times material herein, the School operated within, and was governed and controlled by, the Defendant Grants Pass School District 7 (hereinafter, the "District").

8.

At all times material herein, the Defendant District was a corporate body authorized and chartered by the laws of the State of Oregon, and a recipient of Federal funding for public education.

9.

At all times material herein, the Defendant Grants Pass School District 7 Board (hereinafter, the "Board") was authorized by the laws of the State of Oregon to transact all business within the jurisdiction of the District. This includes establishing all policies, procedures, and rules of the District, including those related to preventing, detecting, and investigating suspected or reported acts of sexual misconduct and abuse, as well as responding to, correcting, and remediating the effects of known acts of sexual misconduct and abuse.

10.

For at least part of the time material herein, Defendant Tim Sweeney (hereinafter, "Sweeney") was (and currently is) the Superintendent of the District. In his official and/or individual capacity as Superintendent, Sweeney had the authority and duty to make and implement (and did make and implement) District-wide all policies, procedures, and rules adopted by the Board. This included the implementation of any policies, procedures, or training

related to sexual abuse prevention, detection, investigation, reporting, correction, and remediation. Sweeney also had the authority and duty (1) to supervise and discipline (and did supervise) District- and School-level personnel, including Plaintiffs' abuser Joseph Deley (hereinafter "Deley"); and (2) to exercise final oversight (and did exercise final oversight) of District- and School-level personnel decisions, including the hiring, discipline, and/or continued retention of Plaintiffs' abuser Deley.

11.

For at least part of the time material herein, Defendant Nevin Van Manen (hereinafter, the "Principal" or "Van Manen") served as the principal of the School. Van Manen has worked for the District for 25 years and as the Principal since 2018. In his official and/or individual capacity as Principal, Van Manen had the authority and duty to implement all school-wide policies, procedures, and rules adopted by District leadership, including by Sweeney and the Board. This included the implementation of any policies, procedures, or training related to sexual abuse prevention, detection, reporting, investigation, correction, and remediation. Van Manen also had supervisory authority over School personnel, and did supervise School personnel, including Plaintiffs' abuser Deley.

12.

The Defendant District (including the School and Defendants Sweeney and Van Manen when acting, variously, at relevant times in their official capacities on behalf of the District and/or School) and the Defendant Board shall hereinafter be collectively referred to as the "District Defendants."

13.

Defendants Sweeney and Van Manen when acting, variously, in their individual capacities on behalf of the District and/or School, shall hereinafter be collectively referred to as the "Supervisory Defendants."

14.

All uses hereinafter of "Defendants" shall refer, collectively, to both the District and Supervisory Defendants, unless the context clearly alleges otherwise.

## FACTUAL ALLEGATIONS

15.

During all times material herein, Deley was employed by the District as an educational assistant at the School, spending a large portion of his time working in the behavioral support classroom called the Learning Center. As an educational assistant at the School, the District Defendants empowered Deley to perform all duties of a District and School staff member, including supervising, disciplining, and developing relationships with District students, including Plaintiffs.

16.

As alleged in further detail below, Defendants possessed extensive actual notice that Deley posed an ongoing sexual danger to the District's female students, including actual knowledge that Deley had committed numerous unconstitutional acts of sexual misconduct, sexual harassment, and sexual abuse over the course of years. Yet, despite having extensive notice of Deley's dangerousness—both prior to his sexual abuse of Plaintiffs and specifically as to Plaintiffs themselves—Defendants chose to continuously retain Deley and endanger the District's female students, until the District allowed Deley to resign (it did not fire him) after Deley's April 2026 arrest for his sexual abuse of Plaintiffs and others.

## FACTS REGARDING DEFENDANTS' EXTENSIVE NOTICE OF DELEY'S SEXUAL DANGEROUSNESS TO FEMALE STUDENTS

17.

For years prior to Plaintiffs' sexual abuse in or around 2024 to 2026, Defendants acquired actual and extensive prior notice that Deley posed an ongoing sexual danger to the District's female students. Defendants' notice included two reported and investigated acts of sexual

misconduct, harassment, and abuse of students dating back to at least from 2018. In addition, multiple people reported information to Van Manen about sexual abuse by Deley.

18.

In 2018, a parent reported to the School that Deley had inappropriately touched a student at the School. Despite being mandatory reporters pursuant to ORS 419B.005, neither Defendants nor anyone else at the School or District reported Deley's alleged misconduct to ODHS or law enforcement authorities, thereby violating ORS 419B.010. Instead, the School only reduced or eliminated Deley's one-on-one conduct with the child. No disciplinary action was taken against Deley and he was placed back into the classroom with the same access to other schoolchildren.

19.

In 2022, a second report was filed alleging Deley had inappropriately touched a different student. The report was investigated by ODHS but was not substantiated. The District also investigated but concluded only that Deley violated district rules by showing special attention to the child and giving her a gift. The District returned Deley to his position, again giving him full access to schoolchildren.

20.

In 2024, L. T.'s family reported that Deley had sexually abused their 8-year-old-child for months, including squeezing her buttocks numerous times. When L. T.'s family reported this abuse to the Principal Van Manen, he discouraged them from filing a report with ODHS or law enforcement authorities, stating that it would hamper his own internal investigation. Not knowing any better, the family agreed. After supposedly investigating, Van Manen concluded the report of abuse was fabricated. Deley was returned to the classroom with full access to schoolchildren. The School did not discipline Deley, and none of the School or District Defendants reported the abuse to the District or to ODHS and law enforcement as required by ORS 419B.010.

21.

At the start of the 2024-2025 school year, Deley began sexually abusing V. B., including touching her underneath her clothing on both her buttocks and vaginal area, as well as engaging in grooming and concerning interactions. After it happened several times, V. B. realized that Deley's improper conduct was intentional. She reported it to the Principal in January 2025, but he dismissed her complaints, stating that the touching was likely accidental. Van Manen never reported V. B.'s allegations of sexual abuse to her parents or the District, nor to ODHS or law enforcement as required by ORS 419B.010.

22.

Despite V. B.'s disclosure to the Principal, she was placed back into the classroom with Deley who continued to abuse her for another year. V. B. again reported the sexual abuse to Van Manen in February 2026. During the conversation, Van Manen threatened V. B. that if she was lying she would be in "big trouble." V. B. insisted she was telling the truth.

23.

The Principal contacted V. B.'s mother that same day and informed her that V. B. had disclosed sexual abuse by Mr. Deley, but Van Manen would not disclose details of the abuse to V. B.'s mother. Instead, Van Manen requested that she <u>not</u> contact law enforcement because that would hamper any internal investigation the School and/or District would conduct. Van Manen warned V. B.'s mother that if she reported the abuse to law enforcement it would be "out of our hands." This was the same messaging Van Manen gave to the family of L. T. when she disclosed that she had been abused by Deley in 2024.

24.

As of the date of this suit, Van Manen still works as principal at the School. No disciplinary action has been undertaken against him by the School or the District.

///

///

25.

On April 9, 2026, Deley was indicted on six counts of Sexual Abuse in the first degree under ORS 163.425 in relation to the four children that disclosed they were abused by Deley between 2018 and 2026. Investigation has revealed that each of the four students disclosed sexual abuse by Deley that included touching of intimate body parts, such as genitalia and buttocks; kissing; and grooming including special treatment, gifts, secrecy, special privileges and overall efforts to foster personal relationships with each of the victims (hereinafter "Grooming"). Despite occurring at different times to different students, each child's disclosure reflected a consistent pattern of improper behavior and sexual physical contact by Deley.

26.

Deley was arrested on April 14, 2026. Two weeks later, the District allowed Deley to resign rather than fire him.

27.

From 2018 to 2026, information about Deley's misconduct, including abuse and Grooming of students, including Plaintiffs, was known by the School, District and Board. Prior to any of the instances of physical and sexual abuse alleged above as to Plaintiffs, multiple students had already disclosed abuse by Deley to numerous School and District personnel. Despite Defendants' knowledge of this information, neither the District, the Board, the School, Superintendent Sweeney, Principal Van Manen, nor any other District or School staff reported this information to the proper authorities, undertook proper investigation, made any effort to warn Plaintiffs of the danger Deley posed to them, nor made any attempt otherwise to end, mitigate, or prevent Deley's ongoing sexual abuse of Plaintiffs. At no point did any of the Defendants discipline or fire Deley.

28.

From 2018 until February 2026, despite Deley's Grooming and abuse of Plaintiffs while Plaintiffs attended the School, which occurred within view of Defendants, Defendants (1) failed

to question Deley about the nature of his relationship with Plaintiffs; (2) failed to report reasonable suspicion of child abuse of Plaintiffs to police or state authorities; (3) failed to properly investigate both child disclosures of abuse and Deley's Grooming of Plaintiffs and other students; and (4) failed to create and enforce an appropriate boundary between Deley and students, including Plaintiffs, despite reports. In so doing, Defendants acted with deliberate indifference to the safety of students, including Plaintiffs, and/or tacitly authorized Deley's misconduct to continue.

29.

Despite Defendants' actual knowledge of Deley's arrest and the full scope of his physical sexual abuse of Plaintiffs, Defendants subsequently took no action of any kind either to correct, remedy, or mitigate the effects on Plaintiffs of Deley's sexual abuse, or to prevent the future occurrence of sexual abuse of students by staff.

30.

Defendants failed to provide, offer, recommend, or coordinate any health, psychological, counseling, and/or academic assistance or services of any kind to Plaintiffs to address, remedy, or mitigate any of the harms they suffered as a result of Deley's sexual abuse.

31.

Defendants' further failed to address any needed policy changes, or to terminate or discipline any District board, administrative, or teaching personnel – including Principal Van Manen – as a result of Deley's sexual abuse of Plaintiffs.

32.

As a result of Deley's sexual abuse, molestation, grooming, as well as Deley's breach of authority, trust and position as Defendants' assistant teacher, classroom aide, and agent, Plaintiffs have suffered and will suffer in the future: severe and debilitating mental and emotional injury, including but not limited to pain and suffering, emotional trauma, shame, guilt, anxiety, stress, low self-esteem, depression, suicidal ideation, social isolation, embarrassment, avoidance, denial,

obsessive behaviors, anger, issues with authority, and distrust of others. All of the aforementioned injuries have caused and will cause Plaintiffs non-economic damages in an amount to be proven at trial.

33.

As an additional result and consequence of Deley's sexual abuse, molestation, grooming, as well as Deley's breach of authority, trust and position as Defendants' assistant teacher, classroom aide, and agent, Plaintiffs have incurred and/or will incur in the future, costs for psychotherapy, psychological evaluations, psychiatric care, substance abuse treatment and similar medical treatment. All of the aforementioned injuries have caused and will cause Plaintiffs damages in an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF**

**Civil Rights Claim – 14th Amendment (Substantive Due Process)**

**42 U.S.C. § 1983**

**State Created Danger**

**Against All Defendants**

34.

Plaintiffs reallege and incorporate herein as though set forth in full in paragraphs 1 through 33 above.

35.

The Defendants, with deliberate indifference, exposed Plaintiffs to Deley's long-known and ongoing pattern of Grooming, boundary violations, and overtly predatory behavior toward the District's female students.

36.

The Defendants' deliberately indifferent exposure of Plaintiffs to Deley, as a teacher known to harbor sexual interest in his minor female students (including a known sexual interest

in Plaintiffs), affirmatively placed Plaintiffs into the state-created danger of sexual abuse by Deley.

37.

As a result of the Defendants' deliberate indifference to their state-created danger of sexual abuse, Plaintiffs did in fact suffer numerous acts of sexual abuse by Deley throughout between 2024 and 2026.

38.

As public school students sexually abused by Deley, the Defendants' actions deprived Plaintiffs of their Constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors.

39.

As a direct result of their exposure by the Defendants to their state-created danger of sexual abuse by Deley, Plaintiffs incurred economic and non-economic damages and are entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury.

40.

The actions of the Defendants, as alleged above, were deliberately indifferent to, and in callous disregard of, Plaintiffs' physical safety and civil rights. Plaintiffs are accordingly entitled to an award of punitive damages against the District Defendants in an amount to be determined by a jury.

41.

Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

///

///

///

**SECOND CLAIM FOR RELIEF**

**Civil Rights Claim – 14th Amendment (Substantive Due Process)**

**42 U.S.C. § 1983**

***Monell* Claims**

**Against the District Defendants**

42.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 41 above.

43.

As public school students sexually abused by Deley, the District Defendants deprived Plaintiffs of their Constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors, including public school teachers.

44.

The moving forces that resulted in the deprivation of Plaintiffs' Fourteenth Amendment rights were the following policies, customs, or practices of the District Defendants:

a) A policy, custom, or practice of not providing training to all School and District staff members on how to identify, investigate, report, and prevent grooming, boundary violations, or other predatory behavior;

b) A policy, custom, or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report, and prevent grooming, boundary violations, and predatory behavior;

c) A policy, custom, or practice of not implementing policies and procedures as to how to identify, investigate, report, and prevent grooming, boundary violations, and predatory behavior;

d) A policy, custom, or practice of not reporting, tacitly authorizing, or otherwise ignoring reports and other information indicating ongoing Constitutional deprivations, including sexual harassment and sexual contact by staff toward students;

e) A policy, custom, or practice of not investigating, corroborating, communicating, adequately documenting, or retaining reports and rumors of suspected, ongoing sexual misconduct or abuse of students by staff;

f) A policy, custom, or practice of concealing and not warning students and parents about known dangers to students of sexual misconduct, harassment, and abuse posed by certain teachers, aides, or other staff members, including Deley;

g) A policy, custom, or practice of retaining on staff known to have already sexually harassed and abused multiple students, even after having been reprimanded for it;

h) A policy, custom, or practice of designating particular teachers, aides, or staff members as a "safe person" or an otherwise trusted resource for certain students, allowing and encouraging those students to spend unlimited time with those teachers alone and unsupervised, and without any educational purpose, even when on extensive notice that the so-called "safe person" is, in fact, a sexual predator; and

i) A policy, custom, or practice of not providing training to all District students and parents on the dangers to students of child sexual abuse, including how to identify and protect against grooming, boundary violations, and other predatory behavior; and how to report concerns of sexual abuse to ODHS and law enforcement.

45.

The above-alleged policies, customs, or practices of the District Defendants posed a substantial known risk of causing significant harm to students, including Plaintiffs.

46.

As a direct result of the above-alleged policies, customs, or practices of the District Defendants, Plaintiffs was sexually abused by Deley and suffered severe physical, mental, and

emotional distress. Plaintiffs are accordingly entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury.

47.

The actions of the District Defendants, as alleged above, were deliberately indifferent to, and in callous disregard of, Plaintiffs' physical safety and civil rights. Plaintiffs are accordingly entitled to an award of punitive damages against the District Defendants in an amount to be determined by a jury.

48.

Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**THIRD CLAIM FOR RELIEF**

**Civil Rights Claim – 14th Amendment (Substantive Due Process)**

**42 U.S.C. § 1983**

**Supervisory Liability**

**COUNT 1**

**Against Van Manen**

49.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 48 above.

50.

Supervisory Defendant Van Manen, in his individual, supervisory capacity as School principal, had notice that Deley's inappropriate and predatory conduct constituted a specific threat to students, including to Plaintiffs themselves. Van Manen was on notice of at least the following, based on Deley's following observable and reported conduct:

a) Deley's Grooming of students, including Plaintiffs, between at least 2018 and 2026;

b) The disclosure of sexual abuse of a student by Deley in 2018, including inappropriate touching of said student (which Van Manen never reported to OSDHS or law enforcement);

c) The disclosure of sexual abuse of a student by Deley in 2022, including inappropriate touching of said student;

d) The disclosure of sexual abuse of L. T. by Deley in 2024, including inappropriate touching (which Van Manen never reported to OSDHS or law enforcement); and

e) The disclosure by V. B. in 2025 that Deley had been sexually abusing her for months, including touching her buttocks and vaginal area under her clothing (which Van Manen never reported to OSDHS or law enforcement).

51.

Based on this knowledge, Van Manen knew Deley was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiffs specifically.

52.

Instead of (1) terminating Deley based on his above-alleged notice of Deley's ongoing and un-remediated sexual misconduct, grooming, harassment, and abuse of female students (including of Plaintiffs specifically), or even (2) imposing on Deley *any* supervisory safeguards, discipline, monitoring or accountability, Supervisory Defendant Van Manen took ***no action at all*** to limit Deley's access to Plaintiffs and other elementary students, or to otherwise stop Deley's ongoing deprivations of Plaintiffs' constitutional rights. On the contrary, Deley was affirmatively cleared by Van Manen and reassigned to the classroom to work with students, including Plaintiffs, enabling and encouraging Deley to have even further unsupervised access to, and time with, Plaintiffs than he might otherwise have had.

///

///

53.

As a direct, inexorable result of Van Manen's actions and inactions discussed above, Plaintiffs were exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. Van Manen's actions and inactions were deliberately indifferent to the civil rights of Plaintiffs and callously disregarded their physical safety. Accordingly, punitive damages should be awarded against Supervisory Defendant Van Manen in an amount to be determined by a jury.

54.

Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**COUNT 2**

**Against Sweeney**

55.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 54 above.

56.

Supervisory Defendant Sweeney, in his individual, supervisory capacity as District Superintendent, had notice that Deley's inappropriate and predatory conduct constituted a specific threat to students, including to Plaintiffs themselves. Sweeney was on notice of at least the following, based on Deley's following observable and reported conduct:

a) Deley's Grooming of students, including Plaintiffs, between at least 2022 and 2026;

b) The disclosure of sexual abuse of a student by Deley in 2022, including inappropriate touching of said student; and

c) The disclosure of sexual abuse of L. T. by Deley in 2024, including inappropriate touching (which Sweeney never reported to OSDHS or law enforcement).

57.

Based on this knowledge, Sweeney knew Deley was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiffs specifically.

58.

Instead of (1) terminating Deley based on his above-alleged notice of Deley's ongoing and un-remediated sexual misconduct, grooming, harassment, and abuse of female students (including of Plaintiffs specifically), or even (2) imposing on Deley *any* supervisory safeguards, discipline, monitoring or accountability, Supervisory Defendant Sweeney took ***no action at all*** to limit Deley's access to Plaintiffs and other elementary students, or to otherwise stop Deley's ongoing deprivations of Plaintiffs' constitutional rights. On the contrary, Deley was affirmatively cleared by Sweeney and reassigned to the classroom to work with students, including Plaintiffs, enabling and encouraging Deley to have even further unsupervised access to, and time with, Plaintiffs than he might otherwise have had.

59.

As a direct, inexorable result of Sweeney's actions and inactions discussed above, Plaintiffs were exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. Sweeney's actions and inactions were deliberately indifferent to the civil rights of Plaintiffs and callously disregarded their physical safety. Accordingly, punitive damages should be awarded against Supervisory Defendant Sweeney in an amount to be determined by a jury.

60.

Plaintiffs are entitled to their necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

///

///

**FOURTH CLAIM FOR RELIEF**

**Title IX, 20 U.S.C. § 1681, *et seq.***

61.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 60, above.

62.

The Defendant District and Board, as a public school district providing a public education to students within its boundaries, are recipients of Federal educational funding.

63.

Title IX of the Education Amendments of 1972 requires that, "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" This prohibition encompasses sexual harassment and sexual abuse of students by public school employees.

64.

Title IX required that the Defendant District and Board provide educational opportunity on an equal basis to Plaintiffs, regardless of their gender.

65.

The Defendant District and Board, in the ways alleged further below, violated Title IX in that they failed to ensure that the education provided to Plaintiffs, minor female students, would be on an equal basis compared to the education provided by the School to minor male students not subject to a known, ongoing danger of sexual abuse.

**COUNT 1**

**Deliberate Indifference to Sexual Discrimination, Harassment, and Abuse**

**Against the Defendant District and Board**

66.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 65 above.

67.

At least by 2022, the Defendant District and Board were on notice of Deley's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiffs.

68.

The Defendant District and Board subjected Plaintiffs to discrimination in their education at the School based on their gender in that they suffered sexual grooming, sexual harassment, and sexual abuse as a condition of their receipt of an education at Highland Elementary School.

69.

The Defendant District and Board, in light of the known circumstances, unreasonably failed to take corrective action to stop Deley's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiffs, thereby acting with deliberate indifference to the rights and safety of Plaintiffs.

70.

The deliberate indifference, actions, and omissions described above caused Plaintiffs to suffer the above-alleged criminal and unconstitutional acts of sexual abuse by Deley.

71.

As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiffs incurred economic and non-economic damages and are entitled to an award of compensatory damages against the Defendant District and Board in an amount to be determined by a jury.

**COUNT 2**

**Failure to Take Remedial or Corrective Action**

**Against the Defendant District and Board**

72.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 71 above.

73.

The District's and Board's obligations under Title IX extend to taking steps to prevent the recurrence, and remedy the effects on a student, of known acts of sexual harassment and abuse of students by teachers and other District staff.

74.

At least by 2026, the Defendant District and Defendant Board were on notice of Deley's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiffs, as well as his arrest by local police arising from these acts.

75.

Despite having notice of abuse as early as 2022, a subsequent report of abuse in 2024 as to L. T., and V. B.'s disclosure of abuse by Deley that led to his arrest in April 2026, the Defendant District and Board took no action to correct, address, remedy, or mitigate the effects on Plaintiffs of Deley's abuse, or to prevent the future occurrence of sexual abuse of students by staff. The Defendant District and Board failed to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and/ or academic assistance or services to Plaintiffs to address or mitigate the harms she suffered as a result of Deley's sexual abuse.

76.

The Defendant District and Board further failed to address any needed policy changes to prevent further sexual abuse of students, or to terminate or discipline any District board, administrative, or teaching personnel as a result of Deley's sexual abuse of Plaintiffs.

77.

The Defendant District's and Board's failure to take or attempt any remedial or corrective action in aid of Plaintiffs, victims of known acts of sexual harassment and sexual abuse by a District employee, was deliberately indifferent to the rights and safety of Plaintiffs.

///

///

78.

In failing, with deliberate indifference, to take or attempt any remedial or corrective measures in aid of Plaintiffs subsequent to the initial disclosure of abuse in 2022, including taking any action to mitigate or address the harms caused to Plaintiffs by Deley's abuse, the Defendant District and Board left students, including Plaintiffs, vulnerable to further predations and sexual abuse by Deley, including the subsequent acts of sexual abuse Plaintiffs, in fact, suffered as alleged above.

79.

As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiffs incurred economic and non-economic damages and are entitled to an award of compensatory damages against the Defendant District and Board in an amount to be determined by a jury.

**FIFTH COUNT FOR RELIEF**

**Negligence**

**Against All Defendants**

80.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 79, above.

81.

Defendants established a special relationship with Plaintiffs once Plaintiffs became students of the District and School and held out to Plaintiffs that their facilities were safe and trustworthy. The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision, and retention of its staff, including Deley. Alternatively, or in conjunction with the above, Plaintiffs had a special relationship with Defendants as a child

entrusted to the care and control of Defendants *in loco parentis*. This special relationship created a duty of care on the part of Defendants to ensure Plaintiffs' safety while a student.

82.

On information and belief, Defendants acted negligently and created a foreseeable risk of Deley abusing students, including Plaintiffs, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

a) In failing to adequately supervise Deley in his interactions and relationships with minors, including Plaintiffs;

b) In failing to adequately train employees and/or volunteers, including Deley, in how to recognize, report, and prevent child sexual abuse;

c) In failing to reasonably and adequately investigate and respond to information indicating that Deley was engaging in inappropriate and sexual contact with students, including Plaintiffs;

d) In retaining Deley after learning information indicating that he was engaging in inappropriate and sexual contact with students, including Plaintiffs;

e) In failing to warn Plaintiffs about the known and foreseeable danger of sexual misconduct, harassment, or abuse posed by Deley;

f) In failing to train students and parents about the known and foreseeable danger of child sexual abuse by trusted adults in public school settings; and,

g) In failing to properly implement other reasonable child abuse prevention policies.

83.

Any or all of Defendants' failures described above were substantial contributing and causal factors of all or some of Plaintiffs' abuse and damages. Plaintiffs endured and suffered severe physical, mental, and emotional distress. Plaintiffs are entitled to compensatory damages in an amount to be determined by a jury.

84.

Defendants' failures described above created a foreseeable risk that students in Defendants' care, including Plaintiffs, would be sexually abused. Plaintiffs' interest in being protected and free from child sexual abuse was an interest of a kind that the law protects against negligent invasion.

85.

Defendants' failures were direct and foreseeable causes of all or some of Plaintiffs' sexual abuse and damages, as alleged above. As a result and consequence of Defendants' negligence, Plaintiffs have incurred economic and noneconomic damages and are entitled to compensatory damages in an amount to be determined by a jury.

86.

Deley's intentional sexual abuse of Plaintiffs occurred on the grounds of the School, and therefore occurred while Deley was directly acting within the course and scope of his employment with Defendants. In the alternative, by sexually abusing Plaintiffs, Deley acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiffs. Punitive damages against an agent are attributable to a principal when a tort is committed in the course and scope of agency. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury.

**SIXTH CLAIM FOR RELIEF**

**Sexual Battery of a Child – *Respondeat Superior***

87.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 86, above.

///

///

88.

Between 2024 and 2026, while acting in the course and scope of his agency for the District and the School, Deley engaged in harmful and offensive touching of Plaintiffs, minors, to which Plaintiffs did not or could not consent.

89.

Acts within the course and scope of Deley's agency with the Defendants led to or resulted in his sexual battery of Plaintiffs.

90.

As a direct result of Deley's sexual battery, Plaintiffs have incurred economic and noneconomic damages and are entitled to compensatory damages in an amount to be determined by a jury.

91.

In sexually battering Plaintiffs, Deley acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiffs. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Deley's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiffs. Plaintiffs are therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, each Plaintiff prays for judgment against Defendants as follows:

**On the First Claim for Relief**, for judgment against the Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Second Claim for Relief**, for judgment against the District Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Third Claim for Relief**, for judgment against the Supervisory Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fourth Claim for Relief**, for judgment against the Defendant District and Board, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fifth Claim for Relief**, for judgment against the Defendants for compensatory damages in an amount the jury concludes is appropriate, for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs; and

**On the Sixth Claim for Relief**, for judgment against the District Defendants, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs.

DATED: October 29, 2026

s/Paul Galm
Paul C. Galm, OSB #002600
Galm Law
50 SW Pine St., Suite 403
P: 503-641-600
F: 971-999-1645
*Of Attorney for Plaintiffs*